## CATHARINE BYRNES v. JOSEPH H. MARTIN.

*Assignment of mortgage—Covenant of amount due—Estoppel—*
*Overpayment.*

A mortgagee, on assigning the mortgage to a third party, with whom the mortgagor had arranged for a new loan at a reduced rate of interest, covenanted that there was $6,000 due on the mortgage, as did the mortgagor in a separate agreement, and *that* sum was paid by the purchaser to the mortgagee.

    *Held,* in a suit by the mortgagor to recover overpayments found to have been made in *honest* ignorance, of the state of the account, and in reliance upon the mortgagee's statements of the proper balance, that *both* parties were estopped from claiming *less* than $6,000 due at time of the assignment, and, if any money had been so paid beyond what would have left this sum due, it was paid without consideration, and could be recovered by the mortgagor in said suit.

Error to Kent. (Montgomery, J.) Argued October 12 and 13, 1887. Decided October 27, 1887.

Assumpsit. Defendant brings error. Affirmed. The facts are stated in the opinion.

*William E. Grove,* for appellant.

*G. A. Wolf (J. A. Fairfield,* of counsel), for plaintiff.

CAMPBELL, C. J. Plaintiff sued defendant to recover back overpayments on a mortgage. The excess which he received seems to have been due to compounding of interest. There is not much dispute as to the amount, but only as to the liability to plaintiff, or liability in this action.

In 1868, plaintiff's husband bought 240 acres of land of one Ryan, and gave back a purchase-money mortgage for the unpaid part of the price, and this was assigned to defendant. This land was conveyed subsequently to plaintiff, who made

all the overpayments. In December, 1885, plaintiff, who wished to get the money at lower interest then 10 per cent., and who was illiterate and old, made efforts to find some one who would let her have money cheaper, and found that Miss Lorraine Wood was willing to do so. Payments had been made without reference to particular arrears of principal or interest, and plaintiff had not received or retained reliable receipts or minutes, and had trusted defendant to inform her correctly. When applied to, he insisted that a balance of $6,500 remained due, and would take no less. Miss Wood did not care to lend over $6,000. An arrangement was made whereby plaintiff gave defendant a chattel mortgage for $500, afterwards paid, and defendant assigned the mortgage to Miss Wood, who received guaranties from plaintiff and Mrs. Murray, her grantee of part of the premises, that there was $6,000 due.

Several points made on the trial and in this Court seem to us not very important, as the facts as presented to the jury admit of but one result.

Defendant covenanted with the rest that there was $6,000 due. All of them were estopped from claiming anything less. If any money had been paid beyond what would have left this sum due, it was therefore money paid without consideration, and, as plaintiff paid the whole of it, she alone could recover it back. The only possible pretext for requiring or receiving it was that the parties had agreed it might be taken for forbearance. But this the jury have negatived. They have also negatived payment on any other idea than an honest ignorance of the state of the account, and a reliance on defendant's statements of the proper balance. The legal theories were all properly laid down by the court, and, as we can see no theory which would exonerate defendant from refunding, we are not disposed to theorize on the subject.

There is no error in the judgment, and it must be affirmed.

The other Justices concurred.